990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Allen MILLER, Defendant-Appellant.
 No. 92-30328.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Allen Miller appeals his sentence of 210 months, imposed under the United States Sentencing Guidelines, following his guilty plea to conspiracy to manufacture and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Miller claims the district court erred by failing to grant him a downward adjustment pursuant to U.S.S.G. § 3B1.2 for being a minor or minimal participant in the offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error a district court's finding of a defendant's role in an offense. United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (per curiam) (citations omitted). The role adjustment is to be applied infrequently. United States v. Prieto-Villa, 910 F.2d 601, 610 (9th Cir.1990). A defendant has the burden of proving his minor or minimal role by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 4
 A defendant's role in concerted activity is "minimal" if he is "plainly among the least culpable of those involved in the conduct of the group." His role is "minor" if he is "less culpable than most other participants, but [his] role could not be described as minimal." U.S.S.G. § 3B1.2, comment., n. 1 & 3.
 
 
 5
 According to the Presentence Report ("PSR"), as corrected by the district court, a trio of prison and parole escapees, Paul Meier, Steve Langan and Alan Shelby, established a clandestine methamphetamine laboratory in a camper in Crook County, Oregon. They recruited the appellant's cousin, Billy Fillingame, to be their methamphetamine cook, and Fillingame brought the appellant to serve as his bodyguard. Fillingame gave Miller a Ruger mini-14 rifle before they arrived at the laboratory site on April 28, 1991. The next day, Miller fell off an all terrain vehicle and sustained what he diagnosed as a concussion. The day after that, he was arrested in bed at the site of the clandestine laboratory. None of his codefendants was present, and police found in and around the camper a loaded 12-guage shotgun, the loaded Ruger, and a loaded .22 caliber revolver. A search of Miller's person revealed a plastic bag containing methamphetamine and a round of .223 caliber ammunition.
 
 
 6
 Because his codefendants left Miller with sole custody of the laboratory and a small arsenal, we discern no clear error in the district court's conclusion that he was not a minor or minimal participant in the conspiracy. See Gillock, 886 F.2d at 222.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3