26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George DRUCKER, Defendant-Appellant.
 No. 93-10252.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1994.*
Decided May 18, 1994.
 
 1
 Appeal from the United States District Court for the District of Nevada, No. CR-91-00245-LDG-(RLH); John C. Coughenour,** District Judge, Presiding.
 
 
 2
 D. Nev.
 
 
 3
 AFFIRMED.
 
 
 4
 BEFORE: WALLACE, CHOY, Circuit Judges, and McGOVERN,*** District Judge.
 
 
 5
 MEMORANDUM****
 
 
 6
 On July 7, 1993, George Drucker was convicted after a jury trial of mail fraud, conspiracy, and aiding and abetting, in violation of 18 U.S.C. Secs. 1341, 371 and 2. Drucker appeals this conviction, and we affirm.
 
 
 7
 Drucker's first contention is that the trial judge erred in admitting evidence of Drucker's false statement on an insurance application that he had not sustained a loss in the past five years, when in fact he had reported the loss by theft of an automobile in 1986. Drucker also alleges that the court erred in admitting evidence that the previous insurance claim was fraudulent. Drucker claims the admission of this evidence was improper because it was evidence of a prior bad conduct, and therefore inadmissible under Fed.R.Evid. 404(b).
 
 
 8
 We review for abuse of discretion the district court's decision to admit evidence of prior bad conduct under Fed.R.Evid. 404(b). However, the issue of whether the evidence falls within the scope of Rule 404(b) is reviewed de novo. United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993).
 
 
 9
 The admission of Drucker's false statement on his insurance application was proper because it was inextricably intertwined in the crime which was charged. The superceding indictment charged Drucker's insurance claim was part of a scheme to defraud State Farm Insurance. His false statement on the insurance application is part and parcel of the scheme to defraud State Farm Insurance. Therefore, the act of falsifying his insurance application is not treated as evidence of another crime, but as evidence of the crime Drucker was charged with. United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 498 U.S. 1119 (1991).
 
 
 10
 Nor was it error to admit evidence showing that the prior insurance claim was fraudulent. Evidence of prior bad acts is admissible under Fed.R.Evid. 404(b) for the purpose of showing intent. Mail fraud is a specific intent crime, and evidence of prior fraudulent insurance claims is admissible to show specific intent in a mail fraud prosection. See United States v. Simas, 937 F.2d 459 (9th Cir.1991) (instances of prior acts of purchasing items at BART's expense relevant to show intent to defraud BART by the act in question in a mail fraud prosecution). This is especially true when it is clear that the defense will raise lack of intent as a defense. United States v. Sarault, 840 F.2d 1479, 1485-86 (9th Cir.1988). Drucker's intent in filing the insurance claim was a central issue which was contested in this case. The prior act admitted was introduced to prove a material element, it was similar to the crime charged, it was based on sufficient evidence, and was not too remote. Therefore, the district court did not err in finding that the evidence showing that Drucker's prior insurance claim was false was properly admitted to show intent.
 
 
 11
 Nor did the district court abuse its discretion in finding that the probative value of the evidence outweighed any prejudicial effect, and was therefore admissible under Fed.R.Evid. 403. The record shows that both incidents were motivated by a similar desire to evade monthly payments. This was highly probative of Drucker's specific intent to commit mail fraud in this case. It was not an abuse of discretion to find that the prejudicial effect of the similarity of noninflammatory evidence which is unlikely to promote an emotional response was outweighed by the probative nature of this evidence.
 
 
 12
 Drucker also contends that the district court erred in refusing to read back certain testimony to the jury. We review refusal to read back testimony for abuse of discretion. United States v. Barker, 988 F.2d 77, 79 (9th Cir.1993). The district court is granted great latitude in determining whether to allow testimony to be read back to the jury, United States v. Nolan, 700 F.2d 479, 486 (9th Cir.), cert. denied, 462 U.S. 1123 (1983), and the practice is disfavored because it places too much emphasis on specific testimony. United States v. Binder, 769 F.2d 595, 600 (9th Cir.1985). In this case, the district judge exercised his discretion, and chose not to read testimony back to the jury for the very reason it is disfavored. We cannot find any indication that in doing so, the district court abused its discretion.
 
 
 13
 Finally, Drucker argues that the evidence introduced at trial was insufficient to support a jury finding that Drucker was guilty of mail fraud and conspiracy. This contention lacks merit. Drucker claims that there was no evidence to support that he had any knowledge of the plan to steal his vehicle, or involvement in a scheme to defraud State Farm Insurance. The record shows, however, that there was witness testimony on both these points. Sufficiency of evidence to support a conviction is reviewed by determining whether, after viewing all the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Mason, 902 F.2d 1434, 1441 (9th Cir.1990), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Questions of credibility and inferences drawn from the evidence presented are left to the province of the jury. United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989). Here, there was sufficient evidence for the jury to make the determination that all elements of the crimes charged were proven beyond a reasonable doubt.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 Honorable John C. Coughenour, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 Honorable Walter T. McGovern, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3