**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael THOMPSON, Defendant–
Appellant.**

**No. 92–2077.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 28, 1993.

Decided March 30, 1993.

**302**

Thomas Scorza, Asst. U.S. Atty., Jacqueline Oreglia (argued), and Barry R. Elden, Asst. U.S. Atty., Office of the United States Attorney, Chicago, IL, for plaintiff-appellee.

Robert A. Fisher (argued), Chicago, IL, for defendant-appellant.

Before RIPPLE and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

Defendant appeals his conviction and sentence for being a felon in possession of a gun. For the reasons stated below, we find no error and affirm.

## I. BACKGROUND

Michael Thompson received a rude awakening on July 20, 1990. At approximately 6:30 a.m. a team of federal agents and state police used a hydraulic door opener to gain entry to Thompson's apartment in Bellwood, Illinois. Armed with a search warrant, the law enforcement officials sought illegal firearms, heroin, cocaine, and related paraphernalia. In a drawer in Thompson's bedroom the agents found a .25 caliber Budischowski pistol which had been manufactured in Michigan, along with a small safe containing $13,000 in cash and a jar of men's jewelry. The jewelry consisted of diamond rings, gold chains, and a bracelet engraved with the name "Michael."

Finding the gun was unfortunate for Thompson, who is a convicted felon. Under 18 U.S.C. § 922(g)(1), it is unlawful for a convicted felon to ship, possess, or receive "any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." A federal grand jury indicted Thompson for violating section 922(g)(1), and on February 25, 1991, the Defendant was convicted of this charge in federal district court. Subsequently the court sentenced Thompson to twenty-one months imprisonment.

## II. DISCUSSION

On appeal, Thompson presents two arguments. First, he asserts the district court improperly admitted prejudicial evidence.

Second, Defendant contends the district court erred in not adjusting his sentence downward based on his role in the offense.

## A. Prejudicial Evidence

The basic rule governing a federal trial is that all relevant evidence is admissible. Fed.R.Evid. 402. The trial judge, though, is given discretion to exclude even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403.

Thompson insists the district court erred in permitting a federal agent to testify about the jewelry and $13,000 in cash she recovered from Thompson's bedroom. By admitting this testimony, argues Thompson, the government impermissibly injected an inference of other criminal activity: "The only conclusion this jury could have drawn from the evidence of jewelry and cash was that Michael Thompson must be a bad guy at a minimum, to have such property ... sitting in his bedroom." Def.'s Br. at 14.

It is true that the Government cannot introduce evidence of a defendant's "other crimes, wrongs, or acts" solely to "prove the character of a person in order to show action in conformity therewith." Fed. R.Evid. 404(b). The cases Defendant cites illustrate this point. For instance, in *United States v. Wright*, 901 F.2d 68 (7th Cir. 1990), we held it was improper to admit into evidence a tape recording in which the defendant boasted of being a drug dealer when that conversation occurred six months after the charged drug transaction. We felt this conversation did not go to the issue of whether the defendant was guilty of the charged drug transaction. Instead, the tape recording merely showed the defendant was a person "who even if not clearly guilty of the crime with which he is charged is no doubt guilty of some similar crime or crimes for which he may never have been caught." *Id.* at 70. In such a situation, the jury "is not likely to insist" the government prove the defendant's guilt beyond a reasonable doubt. *Id.*

The Government argues this case is different from *Wright*, in that the cash and jewelry were probative on the issue of who controlled the contents of the bedroom and thus the pistol—Thompson or his live-in companion, Kathy Harris. This was a necessary point to resolve as Thompson contended he neither knew of nor exercised control over the gun and in fact was an infrequent guest at the apartment. In the Government's view, the existence of the cash and jewelry also provided a motive for Thompson to possess the gun, i.e. to protect his valuables. In addition to being relevant, the Government contends the evidence's probative value was not substantially outweighed by the danger of unfair prejudice. The Government correctly notes that it is not a crime to keep jewelry or cash in one's bedroom.

We review the district court's decision to admit the contested evidence for an abuse of discretion. *United States v. O'Brien*, 618 F.2d 1234, 1239 (7th Cir.), *cert. denied*, 449 U.S. 858, 101 S.Ct. 157, 66 L.Ed.2d 73 (1980). Under this standard, or indeed under any standard of review, we cannot say the district court erred in admitting the testimony regarding Thompson's cash and jewelry. The evidence was relevant to whether Thompson possessed the pistol and was not unfairly prejudicial.

## B. Role in Offense

The United States Sentencing Guidelines allow a defendant's sentence to be adjusted according to the defendant's role in the crime. A leader of a conspiracy, for instance, will have his or her sentence increased. U.S.S.G. § 3B1.1(a). On the other hand, a "minimal" or "minor participant" in criminal activity qualifies to have his or her sentence decreased. *Id.* § 3B1.2. Thompson argues he fits into the latter category.

Section 3B1.2, however, refers to concerted activity, group crime. The commentary to the section makes this clear, stating that the downward adjustment "would be appropriate ... for someone who played no other role in a very large drug smuggling operation than to offload a part of a single marihuana shipment." *See also United States v. Gunning*, 984 F.2d 1476, 1484

(7th Cir.1993) (to merit reduction defendant must show he or she was substantially less culpable than average participant); *United States v. Bierley*, 922 F.2d 1061, 1066 (3d Cir.1990) (there must be more than one participant for a mitigating adjustment under section 3B1.2).

Thompson's crime clearly is not akin to a drug smuggling operation involving multiple participants; he simply was convicted of being a felon in possession of a gun. Thompson tries to skirt this difficulty by pointing out that he was tried on a constructive and/or joint possession theory. Defendant points out that Kathy Harris testified at trial that the weapon belonged to her. This, Thompson argues, makes Harris a "participant" in the offense and reduces Thompson to a minimal role. Def.'s Br. at 15–16.

Thompson's argument is imaginative, to say the least, but is without merit. To start with, the jury rejected Harris's testimony; it found Thompson exercised dominion over the firearm. Secondly, Harris cannot be a "participant" in the offense as she apparently is not a convicted felon; even if she owned 100 Budischowski pistols she could not violate 18 U.S.C. § 922(g)(1). Finally, even if Harris was a felon and did jointly possess the gun with Thompson, this does not affect Thompson's culpability or minimize his role in the offense.

The district court committed no error in refusing to decrease Thompson's sentence pursuant to section 3B1.2.

### III. CONCLUSION

For the foregoing reasons, we affirm Thompson's conviction and sentence.

AFFIRMED.