26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Quynh Khac NGUYEN, Defendant-Appellant.
 No. 93-50256.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Quynh Khac Nguyen appeals his sentence under the Sentencing Guidelines for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). We affirm.
 
 I.
 
 3
 On April 15, 1992, Nguyen's codefendant Do Tat Doan negotiated the sale of three firearms to undercover agent Tony Woo. During the negotiations, Doan telephoned an unknown party to bring the firearms to the meeting location. Approximately ten minutes later, Nguyen arrived, along with Nghai Ly. Nguyen opened the trunk of his car to reveal three firearms, one of which had an obliterated serial number. Both Nguyen and Doan told the agent that the weapons had been stolen "nearby." Doan completed the sale to Agent Woo, and police subsequently arrested both Doan and Nguyen. Police recorded and videotaped the entire transaction.
 
 
 4
 Pursuant to a plea agreement, Nguyen, who had previously been convicted of a state felony charge of burglary, pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). In return for Nguyen's guilty plea, the government agreed to recommend a three-point reduction in his offense level under the sentencing guidelines if Nguyen continued to demonstrate acceptance of responsibility for his offense "up to and including the time of sentencing."
 
 
 5
 On March 12, 1993, Nguyen wrote a letter to the sentencing judge, expressing regret and asking for lenience. Nguyen then availed himself of the opportunity to "explain what had happened." Nguyen explained that he "was asked to take a friend [Ly] to a restaurant, he put a few large bags in the trunk of my car. After we[ ] arrived at the restaurant I found out that there were firearm[s] in my car." Nguyen then declared "I would never [have given] my friend a ride if I knew what was in my car."
 
 
 6
 In an interview with his probation officer, Nguyen appeared to admit knowledge of the firearms,[1] but claimed that his only involvement was driving Ly to the point of sale because he did not want to lend Ly his car. Nguyen repeated this claim at his sentencing hearing. At that time, he also referred to Ly as a "confidential informant." The government immediately denied this assertion.
 
 
 7
 At the hearing, the district court denied Nguyen's request to reduce his sentence for accepting responsibility or for his allegedly minor role in the offense. The court expressly found that Nguyen lacked sufficient candor to justify a sentence reduction for accepting responsibility. The court then sentenced Nguyen to 57 months' imprisonment. Nguyen timely appeals.
 
 II.
 
 8
 Nguyen first claims that the district court erred by failing to grant him a sentencing reduction for acceptance of responsibility. Whether a defendant has accepted responsibility for his crime is a factual determination reviewed for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). The district court's determination in this regard is entitled to great deference, and will not be disturbed "unless it is without foundation." United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990).
 
 
 9
 The district court did not clearly err in denying Nguyen the requested adjustment. A district court need not award a downward adjustment for accepting responsibility to a defendant who pleads guilty but seeks to falsely minimize his role in the offense of conviction. See United States v. Smith, 905 F.2d 1296, 1301-02 (9th Cir.1990); see also United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir.1990) (finding no acceptance of responsibility where defendants "attempt[ed] to understate their roles in the offense" after conviction).
 
 
 10
 Here, after pleading guilty, Nguyen attempted to deny any knowledge of the guns. Even when he did admit knowledge, he did so only "implicitly," as his defense counsel concedes. Nguyen admitted his crime grudgingly, all the while firing Parthian accusations of blame at his codefendants.
 
 
 11
 Nguyen contends that he was only denying responsibility for conduct of which he was not convicted. It is true that "a defendant may be entitled to a Sec. 3E1.1 reduction [for accepting responsibility] without being required to confess to unproved, uncharged conduct." United States v. Piper, 918 F.2d 839, 841 (9th Cir.1990). Here, however, Nguyen attempted to deny the conduct to which he pleaded guilty, namely, his knowing possession of the firearms. Moreover, Nguyen not only failed to admit uncharged conduct, he affirmatively denied such conduct and attempted to shift blame to his cohorts. "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. Sec. 3E1.1 (comment.) (n. 1(a)).
 
 III.
 
 12
 Nguyen also challenges the district court's refusal to adjust his sentence downward based on his purportedly minor role in the offense. We review for clear error the district court's determination regarding the defendant's role in the offense. United States v. Sanchez, 908 F.2d 1443, 1448-49 (9th Cir.1990). The defendant bears the burden of establishing a minor role by a preponderance of the evidence. Id. at 1449. Adjustments for minor participation "are to be used infrequently." United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (per curiam).
 
 
 13
 Nguyen contends that he was merely a courier in the firearm sale. This ignores the fact that he was not convicted for selling firearms but for possessing them. "If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious that warranted by his actual criminal conduct, a reduction for a mitigating role ... ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense." U.S.S.G. Sec. 3B1.2 (comment.) (n. 4). Just as a defendant who plays a minimal role in the distribution of cocaine is ordinarily not entitled to a mitigating role reduction when convicted of simple cocaine possession, see id., Nguyen is not entitled to a role reduction for his simple possession of firearms. See also United States v. Thompson, 990 F.2d 301, 303 (7th Cir.1993) (denying role reduction for firearm possession because the relevant guideline "refers to concerted activity, group crime," not solo acts).
 
 
 14
 Moreover, the presentencing report indicates that Nguyen was more than a mere courier. He displayed wares and answered the customer's questions about their source. Given its finding that Nguyen lacked candor and credibility, the district court did not clearly err in finding that he did not establish a mitigating role.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nguyen stated that the agent asked him if the various guns used the same bullets, and that he replied "I don't know." He also stated that "[t]he agent asked me and Ly to pick up the weapons and put them in his car." Nguyen's counsel contends that these statements constitute "implicit" admissions of knowledge
 It is unclear from the record whether Nguyen's interview took place before or after his letter of March 12, 1993. For purposes of this decision, we need not determine the precise timing.