114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny HENNING, Defendant-Appellant.
 No. 96-4112.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1997.
Decided May 7, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Johnny Henning of Theft From a Postal Employee in violation of 18 U.S.C. § 2114. Included in the evidence considered by the jury was a statement prepared by the interrogating officer and signed by Henning containing, among other things such as a confession to the crime, Henning's acknowledgment of previous gang membership. Henning made a pre-trial motion in limine to exclude the evidence of his prior gang involvement pursuant to Federal Rule of Evidence 404(b). He argued that gangs are generally thought to be composed of criminals or typically involved in criminal enterprise and that therefore the evidence of his former gang status would only serve to suggest a criminal character in conformity with the act of theft, when the evidence was not probative and was highly prejudicial. The district court admitted the entire statement, including the portion relating to Henning's past gang membership.
 
 
 2
 Henning appeals the conviction, but his court-appointed attorney now seeks to withdraw under Anders v. California, 386 U.S. 738 (1967), because the appeal is without merit or possibility of success. Pursuant to Circuit Rule 51(a), Henning was notified of his counsel's Anders motion and was given an opportunity to respond, which he has not done. This court grants a motion to withdraw if the possible issues for appeal are "groundless in light of the legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)). Because we are satisfied that counsel engaged in a thorough search of the record and because we find that there are no nonfrivolous issues, we grant counsel's motion to withdraw and dismiss the appeal. See United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996).
 
 
 3
 Henning's lawyer asserts that there is just one feasible challenge to the conviction: the evidence of gang membership was indeed immaterial and so highly prejudicial that it should have been excluded under Rule 404(b). However, Henning's lawyer contends that the error was harmless in light of the other evidence the jury considered, which overwhelmingly tended to prove Henning guilty of the theft charged.
 
 
 4
 This court reviews the admission or exclusion of contested evidence for an abuse of discretion. United States v. Thompson, 990 F.2d 301, 303 (7th Cir.1993); Taylor v. Nat'l R.R. Passenger Corp., 920 F.2d 1372, 1375 (7th Cir.1990). However, although Henning contested the admissibility of the evidence of his prior gang association by motion in limine, he failed to renew his objection at the time the evidence was admitted. Accordingly, we review for plain error. See United States v. Moore, 936 F.2d 1508, 1520 (7th Cir.1991); United States v. York, 933 F.2d 1343, 1360 (7th Cir.1991).
 
 
 5
 "The basic rule governing a federal trial is that all relevant evidence is admissible." Thompson, 990 F.2d at 303; Fed.R.Evid. 402. However, "the Government cannot introduce evidence of a defendant's 'other crimes, wrongs, or acts' solely to 'prove the character of a person in order to show action in conformity therewith.' " Fed.R.Evid. 404(b). Id. Furthermore, the district court has "discretion to exclude [ ] relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice.' " Fed.R.Evid. 403; Thompson, 990 F.2d at 303.
 
 
 6
 It is well-settled in this court that evidence of street gang affiliation can be relevant but is highly inflammatory. United States v. Irvin, 87 F.3d 860, 864 (7th Cir.1996). Because of the substantial risk of unfair prejudice, we require district courts to give careful consideration to determining the admissibility of gang membership evidence. Id. Such evidence is admitted when it tends to prove an element of the charged offense and its probative value outweighs the prejudice. Id. For example, this court has held evidence of gang affiliation admissible to show motive, a reason for participation, joint ownership of firearms, or a relationship between witnesses. United States v. Butler, 71 F.3d 243, 251 (7th Cir.1995) (citations omitted). We have held gang membership evidence admissible for purposes of impeachment, to show bias, to explain parties' actions and help the jury understand the dynamics at work in a given case, and to support conspiracy or joint venture theories. United States v. Rodriguez, 925 F.2d 1049, 1053-54 (7th Cir.1991); United States v. Lewis, 910 F.2d 1367, 1372 (7th Cir.1990) (citations omitted). While the admissibility determination is "within the sound discretion of the trial court," Rodriguez, 925 F.2d at 1053, the judge must nevertheless be "sensitive to the prejudicial quality of the gang evidence" and "carefully and thoughtfully consider[ ] the risk of undue prejudice." Butler, 71 F.3d at 251. At a minimum there must be some relevancy and probative value between the offense charged and the gang evidence in question.
 
 
 7
 In this case, the record does not indicate that the crime in question was a gang-related event. The evidence was obtained as a result of the interrogating officer's routine process of questioning a suspect and taking his statement. Henning offered the information and did so in a way that appears to have about as much bearing on the offense charged as the response he provided regarding his educational achievement. In arguing for the admission of the gang affiliation evidence, the government did not offer any theory involving any other person or gang-related factor. The government contended that the gang membership statement was admissible to demonstrate that the entire statement was truly Henning's voluntary statement, not fabricated by the police officer.[1]
 
 
 8
 The government's argument is not convincing. There is nothing about the statement relating to Henning's prior gang involvement to suggest that the statement could not be a fabrication of the interrogating officer. Similarly, there is nothing about the statement which suggests that it is such a fabrication. The statement is not telling one way or the other. A statement revealing the location of a murder weapon is the sort of self-implicating admission of which the government proposes. The statement about Henning's gang status was not determinative of the authenticity of the overall statement in the way in which the government argues. Accordingly, we agree that the relevance and probative value of Henning's gang involvement, especially as an apparently former status, are questionable.
 
 
 9
 However, we also agree with counsel that there remains overwhelming evidence to support the jury's verdict of guilty such that any prejudicial effect of the gang affiliation evidence was harmless. See United States v. Kane, 944 F.2d 1406, 1411 (7th Cir.1991) (reversal is proper only where the defendant would have been acquitted but for the error). Henning confessed under police questioning, in the presence of the detective and a United States Postal Inspector, and signed the statement containing his confession. Testimony indicated that the interrogation which resulted in the confession lasted less than one hour, including the preparation and signing of the statement. Transcript at 54. Accordingly, even if evidence of Henning's gang membership should have been excluded, an appeal would nevertheless be frivolous because the admissibility determination, if error, is harmless.
 
 
 10
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 The government explained to the district court that the evidence of Henning's prior gang membership was admissible to "establish the credibility and the viability of the statement inasmuch as they got into a discussion about a panoply of matters, matters which these officers would have had no knowledge of but from the fact that they came from this defendant." Transcript at 20