NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016
Decided February 3, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2157

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-cr-40030-001 |
| FRANK D. BILLUPS, *Defendant-Appellant.* | Sara Darrow, *Judge.* |

**O R D E R**

Frank Billups was paroled after serving three years in state prison for armed robbery. Eight days after his release he was arrested again, this time for possessing a gun. Billups, who was eighteen years old at the time, had been riding with friends in a car that police were following. The car came to an abrupt stop, and both Billups and the driver fled. Officers quickly caught them, and one of the officers retraced Billups's steps and found a loaded revolver with a partially obliterated serial number lying on top of freshly fallen snow. At the scene Billups denied possessing the gun, but ultimately he pleaded guilty in federal court to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The district court sentenced him to 57 months' imprisonment, the bottom of the guidelines range, and 2 years' supervised release.

Billups has filed a notice of appeal, but his newly appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. We invited Billups to comment on counsel's motion, but he has not done so. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we focus our review on the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In her *Anders* brief, counsel asserts that Billups does not wish to challenge his guilty plea, and thus she appropriately refrains from discussing the adequacy of the plea colloquy, *see* FED. R. CRIM. P. 11(b), or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel advises that she reviewed the district court's application of the sentencing guidelines, including the court's decision to deny Billups's request for a downward adjustment based on defense counsel's assertion that the defendant played a minor role in his possession of the gun. *See* U.S.S.G. § 3B1.2. At sentencing Billups's former lawyer had represented that the driver of the car foisted the gun on the defendant just as the car braked to a stop. But new counsel asserts that an appellate claim based on that scenario would be frivolous because, she says, a defendant cannot have a minor role in his own possession of a firearm, and thus cannot be eligible for a reduction under § 3B1.2.

We agree with counsel that a claim about Billups's role in the offense would be frivolous, but not for the reason she gives. Counsel reads *United States v. Thompson*, 990 F.2d 301, 303–04 (7th Cir. 1993), for the proposition that, as a matter of law, a defendant convicted of violating § 922(g)(1) cannot be a minor participant in the offense. We rejected that reading of *Thompson* in *United States v. Hill*, 563 F.3d 572, 577–78 & 578 n.1 (7th Cir. 2009), and, indeed, the district court correctly recognized that in an appropriate case a defendant convicted of violating § 922(g)(1) might be eligible for the reduction.

Rather, an appellate claim would be frivolous for the principal reason given by the district court: Billups is the only known participant in his offense because no evidence supports his lawyer's assertion that the driver shoved the gun into the defendant's hand immediately before the pair abandoned the car and ran from the

police. Billups did not testify or present other evidence that the driver had given him the gun, and what a defendant's lawyer says is not evidence. *See United States v. Chapman*, 694 F.3d 908, 914 (7th Cir. 2012); *United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008). Moreover, even if the driver was the source of the gun, that would not make the district court's application of § 3B1.1 clearly erroneous. As the court noted, Billups had been with the driver a few days earlier when police found a different gun in the driver's car, and thus the defendant was on notice that the driver carried guns. Moreover, before fleeing the car Billups had taken active control of the gun, even if the weapon did originate with the driver.

Counsel also considers whether Billups could challenge the substantive reasonableness of his prison sentence, but properly concludes that such a challenge would be frivolous. The 57-month term is within the guidelines range of 57 to 71 months and thus is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Fletcher*, 763 F.3d 711, 715 (7th Cir. 2014). Counsel has not identified anything in the record rebutting that presumption, nor have we. The district court considered the sentencing factors in 18 U.S.C. § 3553(a), including Billups's youth and family support, both of which the court thought pointed toward the possibility of rehabilitation. But the court also believed that a lengthy prison sentence was needed to promote respect for the law and protect the public, given the seriousness of Billups's offense—fleeing from police and leaving a loaded gun on the ground—as well as Billups's significant criminal history starting at age twelve. The court also considered the need to minimize the risk of disparity between the sentences of Billups and the driver, who also was convicted of violating § 922(g)(1) based on the gun he possessed a few days before Billups was arrested. The court concluded that a longer sentence was warranted for Billups because of his criminal history.

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.