UNITED STATES of America, Plaintiff–Appellee,

v.

Joseph William GILLOCK, Defendant–Appellant.

No. 88–3204.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1989.

Decided Sept. 6, 1989.

Ronald H. Hoevet, Hoevet, Snyder, Neuberger & Miller, Portland, Or., for defendant-appellant.

Frank Noonan, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before BROWNING, WALLACE and FLETCHER, Circuit Judges.

PER CURIAM:

A jury convicted Joseph Gillock of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Gillock challenges the sufficiency of the evidence to support his conviction and the district judge's application of the Federal Sentencing Guidelines.

Approximately one month after Gillock and his wife moved into a house rented and occupied by Gillock's codefendant, Dennis Barnes, the police executed a search warrant on the residence. They seized approximately five ounces of methamphetamine, money and filter papers, and three weapons, from the closet in Gillock's bedroom; a small vial of methamphetamine from Gillock's pants' pocket; methamphetamine, chemical lists and a chemical store catalog from Barnes' bedroom; chemical containers, glassware and weapons from the basement, and more laboratory equipment and chemicals from the barn adjacent to the residence. A search of another residence where the Gillocks previously lived and which Barnes still rented yielded a large bag of methamphetamine.

Hurchel Gaines testified Gillock participated in a conspiracy with Barnes, Gaines and others to manufacture methamphetamine. Gillock admits he personally used methamphetamine but denies participation in a conspiracy. He claims most of the property found in his bedroom belonged to Gaines, the prior occupant, although Gillock admits he owned the loaded .44 magnum found in his closet.

I. SUFFICIENCY OF EVIDENCE

We review the evidence in the light most favorable to the government to determine if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781,

2789, 61 L.Ed.2d 560 (1979) (emphasis deleted).

Gillock admits the evidence shows he personally used methamphetamine, but argues the evidence is not sufficient to show he intended to distribute the drug.

■ It is not necessary that the evidence show Gillock actually sold drugs to convict him as an aider and abettor of possession of an illegal substance with an intent to distribute. *United States v. Savinovich,* 845 F.2d 834, 838 (9th Cir.1988) (as amended). "Rather, it is enough that the defendant associate with the criminal venture, participate in it, and seek by actions to make it succeed." *Id.*

■ The jury can infer Gillock's intent to distribute methamphetamine from the vial of methamphetamine found in his pocket, from the five ounces of methamphetamine, filter papers and .44 magnum revolver found in his bedroom closet, and from the large quantities of chemicals, glassware, lab equipment and methamphetamine found in the residences of Gillock's associates. *Savinovich,* 845 F.2d at 837–38. Hurchel Gaines' testimony corroborated the fact that Gillock participated in the production of methamphetamine.

Gillock argues the methamphetamine found in his closet belonged to Gaines, the former occupant, and challenges Gaines' credibility as a witness. We "must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." *United States v. Ramos,* 558 F.2d 545, 546 (9th Cir.1977).

Viewing the evidence in the light most favorable to the government, we are satisfied a rational trier of fact could conclude Gillock possessed methamphetamine with intent to distribute it.

## II. THE SENTENCING GUIDELINES

Gillock argues the district judge incorrectly applied the sentencing guidelines by refusing to reduce his sentence for minimal or minor participation and by increasing his sentence for possession of a firearm. We "accept the findings of fact of the district court unless they are clearly erroneous," 18 U.S.C. § 3742(e), and review the record to determine whether the sentence "was imposed as a result of an incorrect application of the sentencing guidelines." *Id.* § 3742(e)(2).

### A. Minimal or Minor Participation

■ While a district court has discretion under Sentencing Guideline § 3B1.2 to decrease the defendant's offense level for minimal or minor participation in the criminal activity, these downward adjustments are to be used infrequently. *See* Commentary to Guideline 3B1.2. A district court's finding that a defendant does not qualify for minimal or minor participant status is, as the commentary points out, "heavily dependent on the facts of the particular case," *id.,* and should be upheld unless clearly erroneous. *See United States v. Sanchez–Lopez,* 879 F.2d 541, 557 (9th Cir. 1989) ("Whether a defendant is a 'minor' or 'minimal' participant in the criminal activity is a factual determination subject to the clearly erroneous standard."). *See also United States v. Wright,* 873 F.2d 437, 444 (1st Cir.1989); *United States v. Buenrostro,* 868 F.2d 135, 138 (5th Cir.1989). The district judge concluded from "the circumstances that were presented at trial, including the equipment that was there, the gun and the drugs, that there's no basis for reducing or giving him credit for a minute role in the particular crime with which he is charged."

For the reasons stated, the district court's refusal to grant Gillock a downward adjustment from the sentencing guidelines for minor or minimal participation was not clearly erroneous.

### B. Possession of a Firearm

■ Gillock argues the district court erroneously adjusted his sentence upward two levels because his loaded .44 magnum revolver was found in his closet along with five ounces of methamphetamine. Sentencing Guideline § 2D1.1(b)(1) provides that

the base sentence should be increased by two levels "[i]f a firearm or other dangerous weapon was possessed during commission of [an] offense" involving drugs.[1]

Other circuits considering cases factually similar to this case have upheld the district court's upward adjustment for possession of a firearm, *United States v. Jones*, 875 F.2d 674, 675–76 (8th Cir.1989) (two firearms found with cocaine in defendant's apartment); *United States v. Otero*, 868 F.2d 1412, 1414–15 (5th Cir.1989) (gun found in van used to carry drugs to delivery site). Moreover, this circuit has held that possessing drugs and firearms in the same residence provides sufficient grounds to convict the defendant of use of a firearm while possessing cocaine with intent to distribute in violation of 18 U.S.C. § 924(c)(2). *United States v. Chase*, 692 F.2d 69, 71 (9th Cir.1982) (as amended).

The guidelines provide that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Commentary to Guideline 2D1.-1(b)(1). Because Gillock's loaded firearm was located "in close proximity to the drugs [he] was in the business of distributing," *Jones*, 875 F.2d at 676, we conclude the district court's upward adjustment of Gillock's sentence for possessing a firearm while committing a drug offense was not clearly erroneous.

The district court is AFFIRMED.

---

[1] The commentary to the guidelines indicates some nexus with the offense is required before a court can increase a sentence for weapon possession:

The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

Commentary to Guideline 2D1.1(b)(1).