928 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Carrol B. COMBS and, Cecil P. Arnold, Defendants-Appellees.
 Nos. 90-5651, 90-5704.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, 90-00010, Forester, J.
 E.D.Ky.
 AFFIRMED.
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Cecil Perry Arnold and Carrol Brent Combs, defendants, appeal their convictions and sentences imposed following guilty pleas for conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846. Combs claims that the District Court erred in refusing to deduct offense levels for his alleged minor role in the conspiracy, and in improperly considering certain prior state offenses in sentencing him. Arnold claims that the District Court erred in refusing to accept his proffered "Alford" plea, and in failing to abide by Rule 11 of the Federal Rules of Criminal Procedure.
 
 
 2
 The defendants were indicted, together with several other co-defendants, on various drug charges, including conspiracy to distribute and possess with intent to distribute over 15 kilograms of cocaine. Arnold was involved in transporting at least four kilograms of cocaine from Tennessee to Kentucky. Combs was also involved in transporting cocaine, selling small amounts of cocaine and in the weighing of the cocaine.
 
 
 3
 Combs plead guilty to the conspiracy charge, and the other charges of possession and distribution of cocaine were dropped. In the presentence report, Combs received one point in the criminal history category for his 1989 guilty plea to state charges of possession of cocaine and driving under the influence of alcohol, and another point for a 1985 driving under the influence conviction. He also received two points for committing the offense while on probation for a prior conviction. His criminal history was therefore a level III, and he was sentenced to the mandatory minimum of 151 months for his offense.
 
 
 4
 Arnold also plead guilty to the conspiracy charge, after the District Court refused to accept an "Alford" plea. Arnold objected to the amount of cocaine used to determine his sentence, claiming that only that cocaine with which he was actually involved should be used to calculate his sentence. The trial court, using the total amount of cocaine involved in the conspiracy, sentenced Arnold to the minimum ten years in prison.
 
 
 5
 Combs argues that the District Court erred in calculating his sentence under the United States Sentencing Guidelines by refusing to decrease his offense level for his alleged minor role in the conspiracy. Under U.S.S.G. Sec. 3B1.2, the District Court may decrease the offense level in the following manner:
 
 
 6
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 
 
 7
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 8
 Combs argues that because he was not the ringleader, he is entitled to a reduction as a minor participant. Under the Guidelines, however, the determination as to whether a defendant was a minor participant is a factual one, and should be upheld unless clearly erroneous. See United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989). The District Court made a factual determination that although Combs was not a leader, he was also not a minor participant, but rather a mid-level participant in the conspiracy. The court made that determination based on the presentence report which described Combs' role in the conspiracy. That determination was not clearly erroneous. This Court, therefore, will not reverse it.
 
 
 9
 Combs argues next that the District Court improperly considered certain prior convictions in determining his criminal history. Specifically, Combs objects to the use of a 1989 guilty plea to state charges of possession of cocaine and driving under the influence, and a 1985 DUI conviction. Combs admits that the District Court did not improperly calculate his criminal history points under the Guidelines, but argues that the rules under which it did so are unfair and should therefore be ignored.
 
 
 10
 The District Court added two points for committing the crime while on probation and one point for each of two prior offenses. U.S.S.G. Sec. 4A1.1(d) instructs the District Court to:
 
 
 11
 Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
 
 
 12
 Combs was involved in the conspiracy while he was on probation for a state conviction of possession of cocaine. Combs argues that because that possession was merely part of the larger conspiracy, he is being punished twice for the same crime. The Guidelines, however, specifically included those increases to deter repeat offenses. Combs has not been convicted of the same offense twice, but is merely serving a longer sentence as a repeat offender.
 
 
 13
 Combs admits that the District Court properly calculated his criminal history as required by the Guidelines. He offers this Court nothing more than a "fairness" argument as reason to reverse the District Court. Although the criminal laws may be harsh, they are the law. Because Combs offers no reason that his situation is any different from those contemplated by the Sentencing Commission, and the District Court properly followed the Guidelines, we affirm the District Court's sentence.
 
 
 14
 Combs also objects to the inclusion in the presentence report of what is headed "Other Criminal Conduct." That section discusses all other prior offenses committed by Combs. They are all alcohol related, and were not included in the calculation of his criminal history level because they are the type of offenses excluded by the Guidelines. Combs offers no explanation for his argument that inclusion of these offenses in the report is improper. However, because the District Court sentenced Combs to the mandatory minimum under the Guidelines, even if their inclusion was improper, they were not prejudicial to Combs.
 
 
 15
 Arnold argues that the District Court erred in refusing to accept an "Alford" plea. Under North Carolina v. Alford, 400 U.S. 25 (1970), as with a plea of nolo contendere, the defendant consents to a prison term, although he refuses to admit his guilt. Under the Federal Rules of Criminal Procedure, a defendant may plead nolo contendere only with the consent of the District Court. See Rule 11(b).
 
 
 16
 Arnold claims that because the District Court refused to accept his plea of nolo contendere, he was forced to plead guilty to the conspiracy charge. Arnold really seems to be continuing his argument from the sentencing hearing that it is unfair for him to be sentenced according to the amount involved in the conspiracy, rather than the amount with which he was personally involved. Even if the District Court had accepted his plea of nolo contendere, however, he would still have been sentenced according to the conspiracy provisions of the Guidelines. See U.S.S.G. Sec. 1B1.3(a)(2); United States v. Miller, 910 F.2d 1321 (6th Cir.1990). Therefore, even if the District Court erred in refusing to accept the plea of nolo contendere, it was harmless error.
 
 
 17
 Finally, Arnold claims that the District Court violated Rule 11 of the Federal Rules of Criminal Procedure in accepting his guilty plea since he did not fully understand the consequences of that plea. He also claims that because there was no factual basis for his guilty plea, it was improper for the District Court to accept it. He argues that at the time he plead guilty, he was unaware of the amount of cocaine involved in the conspiracy, and that the facts of the case reveal that he was only involved with a portion of the over 15 kilograms of the conspiracy.
 
 
 18
 The District Court transcript clearly indicates that Arnold was aware of the amount of cocaine involved in the conspiracy, and that he was aware that by pleading guilty he was responsible for the entire amount. While the District Court acknowledged that Arnold denied any more involvement than his transportation of only a few kilograms, the Court also explained to Arnold that he was responsible for more.
 
 
 19
 Arnold admits to transporting cocaine on three different occasions. Clearly that establishes a factual basis for his involvement in the conspiracy. Arnold's argument is essentially that he was unfairly sentenced for the crimes of those with whom he was involved, rather than according to his limited role in it. Arnold was, however, convicted under a conspiracy law, 21 U.S.C. Sec. 846, under which he is responsible for the actions of his fellow conspirators. The District Court reduced his Guideline level for his minor role, but, because the conspiracy involved over five kilograms of cocaine, was required under the statute to sentence Arnold to a minimum of ten years. See 21 U.S.C. Sec. 841(b)(1)(A). Although Arnold is clearly displeased with the result of the law of conspiracy, that is the law under which he was indicted, and the violation to which he plead guilty. The District Court accepted Arnold's plea in accordance with Rule 11, and under the statute was required to impose a ten year sentence.
 
 
 20
 The defendants' convictions and sentences are AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation