5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar Manuel CARRILLO-RANGEL, Defendant-Appellant.
 No. 92-50180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-91-0310-TJH(A); Terry J. Hatter, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: PREGERSON, RYMER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Manuel Carrillo-Rangel appeals his conviction, which followed a jury trial, for using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1). Carrillo-Rangel claims the evidence was insufficient to show he "used" the weapon within the meaning of the statute. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). We "respect the exclusive province of the jury to ... resolve evidentiary conflicts." United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989).
 
 
 4
 To support a conviction for violation of section 924(c)(1), the evidence must show that a weapon was both "related to" the crime, and "available to" the defendant. "[A] firearm may be considered available for purposes of section 924(c)(1) if its physical proximity to the defendant at any time during the commission of the crime ... supports the inference that it emboldened him to commit the underlying offense." United States v. Torres-Medina, 935 F.2d 1047, 1050 (9th Cir.1991) (citations omitted).
 
 
 5
 Here, law enforcement agents arrested Oscar Carrillo-Rangel and his brother, Baudelio, after the brothers showed them one of five kilograms of cocaine the agents had agreed to buy from them. During the search incident to the arrest, the agents found a cocked and loaded .45 caliber semi-automatic pistol in Baudelio's waistband. In post-arrest interviews, both brothers told the authorities that the gun belonged to Oscar. Oscar said he had asked Baudelio to carry it. Baudelio said that he had gotten it from the car Oscar had driven to the meeting place, that he carried it for protection and that he liked guns. At his Oscar's trial, however, Baudelio testified that he had been carrying the gun all day long, and that he often carried it because he "liked" to have one.
 
 
 6
 Oscar concedes that the gun was related to the crime. He argues only that he did not "use" it within the meaning of the statute. We disagree. In spite of Baudelio's slightly inconsistent testimony at trial, the jury was free to believe that he had retrieved the gun from Oscar's car, and carried it for protection at Oscar's behest. See Gillock, 886 F.2d at 222. This evidence was sufficient to support his conviction for "using" the weapon in relation to the crime. See Torres-Medina, 935 F.2d at 1050 (upholding conviction of a paraplegic whose weapon was stowed in a crawl space beneath his house because "a rational trier of fact could conclude that [his] confederates assisted him in retrieving ... the gun when it became necessary").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3