12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
J.C., a Juvenile Male, Defendant-Appellant.
 No. 93-30165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J.C., a juvenile male, appeals the district court's order adjudging him a juvenile delinquent for committing second degree murder in violation of 18 U.S.C. Sec. 1111. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the evidence in the light most favorable to the government in order to determine if a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt, United States v. Gillock, 886 F.2d 220, (9th Cir.1989), and we affirm.
 
 
 3
 J.C. contends that the district court erred in finding that he committed second degree murder because there was insufficient evidence to support the district court's finding of "malice aforethought."[1] We disagree. A person is guilty of second degree murder if he kills a human being with malice aforethought. 18 U.S.C. Sec. 1111; United States v. Lesina, 833 F.2d 156, 158-59 (9th Cir.1987). A fact finder may find malice aforethought if a defendant either intentionally or deliberately kills a person or if a defendant acts with extreme recklessness and complete disregard for human life resulting in the death of another person. Id. Malice aforethought may be inferred by the fact finder from the acts of defendant. Id. Furthermore, a jury may infer malice aforethought if a defendant killed his victim with a deadly weapon or some other type of instrument. Id. at 159.
 
 
 4
 Here, the district court was presented with evidence that J.C. consumed beer and Southern Comfort for several hours prior to stealing a truck and joyriding with another juvenile. He and the other juvenile in this truck arrived at an intersection at the same time as the victim in his car. Both vehicles waited for a few seconds, the driver of the stolen truck apparently waiting for the victim's car to move and enter the intersection. J.C. told the driver that he was going to "kick the [victim's] ass" and "let's do a drive by" referring to a drive by shooting. Moments later, as the truck moved through the intersection, J.C. leaned out the passenger side window of the truck and carefully aimed his hunting rifle at the victim's car, tracked the car through the intersection, and then fired his rifle once at the victim's car. The victim died from a gunshot wound and an autopsy revealed that the bullet that killed him was fired from J.C.'s rifle. Despite J.C.'s attempt to discredit the driver's testimony that he said "let's do a drive by," if the district court found this testimony credible, it provides sufficient basis to support the district court's finding of malice aforethought beyond a reasonable doubt. See Lesina, 833 at 159 (malice aforethought embraces the state of mind in which one intentionally commits a wrongful act). Moreover, the district court could infer the element of malice aforethought from the use of a deadly weapon. See United States v. Washington, 819 F.2d 221, 225 (9th Cir.1987).
 
 
 5
 Because there was sufficient evidence in the record from which the district court could have found the element of malice aforethought beyond a reasonable doubt, the district court's judgment is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There appears to be no dispute that J.C. fired his rifle at the victim thus causing the victim's death. J.C. merely contends that there was insufficient evidence to find "malice aforethought."