26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garabet MEZIAN, aka Garabet Mezkloukian, Defendant-Appellant.
 No. 93-50630.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Garabet Mezian appeals his conviction and the 18-month sentence imposed following his jury trial for possessing counterfeit plates and partial counterfeit government obligations in violation of 18 U.S.C. Sec. 474. Mezian argues, first, that the prosecutor deprived him of a fair trial by improperly shifting the burden of proof during closing argument, and, second, that the district court erred by failing to adjust his sentence based on his minor role in the offense. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Closing Argument
 
 
 4
 "Prosecutorial comments to which defendant objects are reviewed for harmless error." United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986), cert. denied, 498 U.S. 989 (1990). "The prosecutor may comment on the defendant's failure to present exculpatory evidence, provided that the comments do not call attention to the defendant's own failure to testify." United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991). "We do not believe that [a defendant] can rely on a privilege, personal to [someone else], in order to defeat adverse comment by the Government." Bisno v. United States, 299 F.2d 711, 722 (9th Cir.1961) (no error where the trial court refused to instruct the jury that defendant's wife, whom defendant never called to the stand, had a privilege not to testify), cert. denied, 370 U.S. 952 (1962).
 
 
 5
 "[I]mproprieties in counsel's arguments to the jury do not constitute reversible error unless they prejudice the defendant and that prejudice has not been remedied by the trial judge." United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992).
 
 
 6
 Mezian was indicted along with his son, Harry, for establishing a printing operation designed to produce counterfeit twenty-dollar bills in a workshop near his house. Mezian made incriminating statements after his arrest. Harry Mezian pleaded guilty and submitted a signed statement implicating his father.
 
 
 7
 Mezian's jury trial was conducted between the time of his son's guilty plea and sentencing. His chief line of defense was that he stored Harry's equipment in his garage, but understood that it was designed to produce numbered labels for Harry's audio cassette business. Mezian, who can neither speak nor write English, did not dispute that he and Harry worked long hours side by side in the workshop, and went together to purchase custom number-printing equipment. He took the stand at trial, however, to assert that Harry had lied to him about what they were doing.
 
 
 8
 In closing argument, the prosecutor invited the jury to "take a look at what evidence [Mezian] does produce and what evidence he doesn't produce. Ask yourselves, ladies and gentlemen, where is Harry Mezian?" Defense counsel objected, and the district court reminded the jury that the defendant had no burden to produce witnesses, and that the prosecutor's suggestion to the contrary was unauthorized.
 
 
 9
 Mezian argues on appeal that the prosecutor's comment on Harry's failure to testify warrants reversal of his conviction because, as a codefendant, Harry had a Fifth Amendment privilege not to testify. We disagree.
 
 
 10
 "It is common practice for one side to challenge the other to explain uncomfortable facts and inferences." Mares, 940 F.2d at 461. Given the district court's admonition to the jury, we determine that the comment worked no unfair prejudice against Mezian. See Lopez-Alvarez, 970 F.2d at 597. We discern no harm. Endicott, 803 F.2d at 513.
 
 II
 Role Adjustment
 
 11
 We review for clear error a district court's finding of a defendant's role in an offense. United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (per curiam). The role adjustment is to be applied infrequently. United States v. Prieto-Villa, 910 F.2d 601, 610 (9th Cir.1990). A defendant has the burden of proving his minor or minimal role by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 12
 The evidence showed that Harry alone ordered and arranged to pick up custom number-printing equipment from the manufacturer. In light of Mezian's inability to speak or understand English, however, this fact is not surprising. The district court concluded that it did not prove that Mezian was less involved in the counterfeiting scheme. Mezian worked with Harry in the workshop and accompanied him twice to inspect and pick up the number-printing equipment Harry had ordered. In light of these facts, there is no clear error in the district court's conclusion that Mezian was not a minor or minimal participant in the crime. See Gillock, 886 F.2d at 222.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3