34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Yau SIAW, Defendant-Appellant.
 No. 94-50048.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Yah Siaw appeals his conviction after a jury trial for two counts of transportation of illegal aliens, in violation of 8 U.S.C. Sec. 1324(a)(1)(B). Siaw contends the evidence is insufficient to support count two of his conviction because the government failed to prove the alienage of one of the persons transported. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In order to be convicted of transporting illegal aliens, the alienage of those transported must be proved. See 8 U.S.C. 1324(a)(1)(B); United States v. Diaz, 936 F.2d 786, 788 (5th Cir.1991). In considering a challenge to the sufficiency of the evidence, this court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This court should not substitute its judgment for the jury's. United States v. Enriquez-Estrada, 999 F.2d 1355, 1358 (9th Cir.1993). We respect the exclusive province of the jury to determine the credibility of witnesses, to draw reasonable inferences and to resolve evidentiary conflicts. United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989). When reviewing the sufficiency of the evidence, this court must assume the jury resolved all matters in a way which supports the verdict. Id. at 222.
 
 
 4
 Count one of the indictment charged Siaw with transporting an undocumented alien, Jesus Arias-Larios, in violation of 8 U.S.C. Sec. 1324(a)(1)(B); count two charged Siaw with transporting an undocumented alien, Antonio Rodriguez-Hernandez, also in violation of 8 U.S.C. Sec. 1324(a)(1)(B). Siaw only challenges the sufficiency of the evidence with respect to the second count. Specifically, Siaw contends that there is insufficient evidence to convict him on count two because the government failed to show that Antonio Rodriguez-Hernandez was an undocumented alien. This contention lacks merit.
 
 
 5
 Here, the government introduced the testimony of Arias-Larios that he and Rodriguez-Hernandez met in Mexico, crossed over a levee into the United States from Mexico with the assistance of two "coyotes," spent the night in a garage, and that they were found concealed in the trunk of a rental car. Arias-Larios testified that he was an illegal alien from Mexico. Border Patrol Agent Fitch testified that the passengers found in the trunk of the Ford Tempo "were determined to be undocumented aliens." Hernandez-Rodriguez was not available to testify because he could not be located before the trial. Nonetheless, when viewing all of the evidence presented in the light most favorable to the prosecution, we conclude that a rational jury reasonably could have concluded that Hernandez-Rodriguez was an undocumented alien. See Jackson, 443 U.S. at 319; Enriquez-Estrada, 999 F.2d 1358-59.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3