36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando LARA-GONZALEZ, Defendant-Appellant.
 No. 93-50718.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1994.
Decided Sept. 2, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fernando Lara-Gonzalez ("Lara") appeals his conviction for unlawful importation of marijuana, in violation of 21 U.S.C. Secs. 952 and 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 3
 * Lara contends that the district court's instruction defining the term "knowingly," which he requested, was contradictory and confusing to the jury. The invited error doctrine bars Lara's objection to this instruction on appeal. "When the defendant himself proposes the jury instruction he later attacks on appeal, review is denied." United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991) (citations omitted); United States v. Benny, 786 F.2d 1410, 1416 (9th Cir.) ("In cases in which defendants themselves propose the instruction, review is totally barred."), cert. denied, 479 U.S. 1017 (1986). Lara asserts that the invited error doctrine is inapplicable because he only modified an instruction originally proposed by the district court. We do not apply the invited error doctrine so narrowly, however, see United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 2948 (1993), and we reject his argument.
 
 II
 
 4
 Lara asserts that the district court's supplemental instruction on the meaning of the term "intent" suggested to the jury that it could find him guilty of possession with intent to distribute marijuana regardless of whether he knew that marijuana was in the Cadillac that he drove across the border.
 
 
 5
 In instructing the jury on the elements of the crime of possession with intent to distribute, the court stated that the government had to prove that Lara (1) knowingly possessed marijuana and (2) possessed the marijuana with the intent to deliver it to another person. During deliberations, a juror asked the district judge to define "intent" under the second element of this offense. The judge responded, "I think the best way I can define 'intent,' sir--what did you intend to do? Did you intend to pick up this microphone? Did you intend to look into the book? Did you intend to do something? If it was done with intent to do it, as distinguished from doing something by accident or mistake. If my elbow hits the book and it falls off, that's not intent."
 
 
 6
 Lara takes exception to this definition of intent, arguing that it permitted the jury to find him guilty by his mere possession of the marijuana, regardless of whether he knew that he possessed it. This argument is without merit. The district judge already had instructed jurors that the first element of the offense was that Lara must have possessed the marijuana knowingly. The jury thus was aware that it could not convict Lara if he did not know that the marijuana was in the car.
 
 
 7
 Further, in defining "intent" for the second element--intent to distribute--the court's instruction merely informed the jury that it could find Lara guilty only if his delivery of the marijuana was the result of purpose, rather than accident or mistake. This definition is correct. United States v. Castillo, 866 F.2d 1071, 1085 (9th Cir.1988) (upholding court's supplemental instruction defining "intent to distribute" to mean possession for the purpose of delivery to a third person). Taken as a whole, the district court's instructions did not mislead the jury.
 
 
 8
 Lara also asserts that providing the jury with any definition of intent was improper because this circuit's Manual of Model Criminal Jury Instructions recommends against distinguishing "general" from "specific" intent. The district court's instruction did not discuss the difference between general and specific intent. Further, because Lara did not raise this objection at trial, it is reviewed for plain error. There can be no plain error because the instruction did not mislead the jury.
 
 III
 
 9
 Lara contends that the district court erred in failing to grant his motion for a mistrial. Lara asserts that a mistrial was warranted because Liliana Corona's testimony was so inconsistent with her prior statements that it must have confused the jury.
 
 
 10
 The district court did not abuse its discretion in not declaring a mistrial. It is the province of the jury to judge the credibility of witnesses. United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1990). In performing this duty, the jury "sift[s] through the inconsistencies of testimony." United States v. Brummel-Alvarez, 991 F.2d 1452, 1463 (9th Cir.1992) (quotation omitted). Lara has provided no explanation of why the jury should not have had the opportunity to hear Corona's testimony and to evaluate its reliability in light of any earlier inconsistent statements.
 
 IV
 
 11
 Lara asserts that the district court improperly permitted agent Brad Bench to testify as an expert witness on the narcotics trade.
 
 
 12
 The district court did not abuse its discretion in admitting this testimony. Bench provided background information on the narcotics trade, testifying about the price of marijuana, the structure of marijuana rings, and smuggling techniques. In particular, he stated that a common technique of drug smugglers is to bring passengers with them when they make border crossings and that people higher in the distribution chain typically follow cars carrying drugs.
 
 
 13
 Citing United States v. Lui, 941 F.2d 844 (9th Cir.1991), Lara contends that this testimony constituted impermissible "drug courier profile" evidence. Lui is distinguishable from the present case. Lara claimed that he was not aware of the presence of narcotics in his car. In response, the prosecution introduced Corona's testimony, which described the suspicious circumstances in which Lara had come into possession of the Cadillac. Agent Bench's testimony helped to illuminate how these events were part of a sophisticated drug smuggling transaction. Consequently, unlike Lui, the testimony in this case had probative value. See United States v. Espinoza, 827 F.2d 604, 612 (9th Cir.), cert. denied, 485 U.S. 968 (1988); United States v. Patterson, 819 F.2d 1495, 1507 (9th Cir.1987).
 
 V
 
 14
 Lara contends that the district court improperly permitted customs inspector Lopen to testify about Lara's demeanor when he was taken into custody. Because Lara failed to object to this testimony, we review for plain error.[1]
 
 
 15
 Lara claims that Lopen's testimony was an impermissible comment on Lara's invocation of his right to remain silent. The district court did not err in admitting Lopen's testimony. An officer's observation testimony regarding a defendant's apparent consciousness of guilt is permissible evidence. See United States v. Foppe, 993 F.2d 1444, 1450 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 615 (1993). Even if Lopen's testimony were construed to be a comment on Lara's silence, it would be a permissible commentary on his pre-Miranda silence. See Brecht v. Abrahamson, --- U.S. ----, 113 S.Ct. 1710, 1716 (1993) ("[T]he Constitution does not prohibit the use for impeachment purposes of a defendant's silence prior to arrest.") (quotation omitted).
 
 VI
 
 16
 Lara challenges the relevancy of testimony regarding the use of car air fresheners to mask marijuana odors. He further argues that the "highly prejudicial" nature of the evidence outweighs any probative value that this evidence may have.
 
 
 17
 The district court abused its discretion in permitting testimony about the use of air fresheners by drug smugglers to mask marijuana odor. This evidence was not background evidence that the government needed to explain its case. Instead, it was in the nature of drug courier profile evidence, suggesting that Lara knew that he was carrying drugs because he was engaging in a legal activity common among drug couriers. See Lui, 941 F.2d at 847-48.
 
 
 18
 However, admission of this evidence was harmless. The testimony regarding the air freshener was very brief, and the government never again referred to it or otherwise tried to associate Lara with drug smuggling because of the air freshener. See id. Further, the government's other evidence was sufficiently overwhelming to support the jury's verdict.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Lara contends that he objected to this testimony, the record reveals that he objected only to one particular question because it called for speculation. In addition, although Lara also asserts that agent Concha testified about his demeanor, the record reveals that there was no such testimony