43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Senon Grande GRAJEDA, Defendant-Appellant.
 No. 94-50180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Senon Grande Grajeda appeals his conviction, following a jury trial, for being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). Grajeda contends that the evidence was insufficient to support his conviction. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Grajeda contends that the government failed to present sufficient evidence at trial to prove that he threw the firearm out of his car window after a police officer motioned for him to pull over. This contention lacks merit.
 
 
 4
 Because Grajeda failed to renew his Motion for Judgment of Acquittal pursuant to Rule 29 at the close of all the evidence, we review his sufficiency of the evidence argument only for plain error to prevent a miscarriage of justice. See United States v. Winslow, 962 F.2d 845, 850 (9th Cir.1992). The government is entitled to all reasonable inferences that may be drawn from the evidence, viewed in the light most favorable to the government. See id.
 
 
 5
 To sustain a conviction under 18 U.S.C. Sec. 922(g)(1), the government had to show that Grajeda had been convicted of a felony punishable by more than one year of imprisonment, and that he knowingly possessed a firearm that had been shipped in interstate commerce. See United States v. Sherbondy, 865 F.2d 996, 999 n. 1 (9th Cir.1988). Grajeda stipulated to his prior felony conviction for assault with a deadly weapon. The government presented evidence that the firearm had been shipped in interstate commerce. Grajeda only challenges the issue of whether he knowingly possessed the firearm.
 
 
 6
 Possession may be shown by proof of actual or constructive possession. United States v. Barron-Rivera, 922 F.2d 549, 552 (9th Cir.1991). "To prove constructive possession, the government must prove 'a sufficient connection between the defendant and the [firearm] to support the inference that the defendant exercised dominion and control over the [firearm].' " United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (quoting United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986)).
 
 
 7
 Here, the government presented sufficient evidence from which a reasonable jury could find that Grajeda knowingly possessed a firearm. Officer Faris testified that he saw Grajeda drive by him and fail to stop at a stop sign, whereupon he signalled for Grajeda to pull over. Faris then saw Grajeda throw a dark object, which looked like a gun, out of the passenger side window. The object bounced on the street and landed on the grassy parkway between the street and the curb. A few seconds later, Faris saw Grajeda throw a small white box out of the driver side window. The car then turned around and pulled over to where Officer Faris was standing. Faris handcuffed Grajeda and led him to where two bystanders were standing over the gun. Grajeda said, "Oh, no" upon seeing the gun, and initially denied that he had ever seen it before. After Grajeda was informed of his Miranda rights and waived them, Grajeda told Officer Faris that he was keeping the gun as part of an effort to support a gang truce.
 
 
 8
 In addition, two bystanders testified that they found the gun lying on the parkway where Faris had seen Grajeda toss it, and that the gun had a fresh concrete chip on it, consistent with bouncing on the pavement. One bystander testified that she found the small white box lying in the street near the gun, and that it contained jewelry.
 
 
 9
 Grajeda's wife testified at trial that Grajeda had previously sustained serious injury to his right arm in an automobile accident, and that he would have been incapable of throwing the object at that time. The testimony presented by Officer Faris and the two bystanders directly contradicted Grajeda's wife's testimony that he was incapable of throwing the firearm from the car. The jury was entitled to assess the credibility of the contradictory testimony. We defer to the jury's assessment of credibility and resolution of evidentiary conflicts. See United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989).
 
 
 10
 Based upon this evidence, a reasonable jury could have found that Grajeda exercised dominion and control over the firearm when he threw it out of the car window. See Barron-Rivera, 922 F.2d at 553 (sufficient evidence of knowing possession where defendant acknowledged ownership of the gun and lived in the apartment where it was found); United States v. Terry, 911 F.2d at 278 (rational jury could find that defendant's knowledge of gun's location and unhindered access to it gave him constructive possession of the gun).
 
 
 11
 Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that Grajeda knowingly possessed the firearm. See Barron-Rivera, 922 F.2d at 553; Terry, 911 F.2d at 278. Therefore, the district court did not plainly err by denying Grajeda's motion for acquittal.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3