65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John CHIA, Defendant-Appellant.
 No. 94-30241.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1995.*
Decided Aug. 23, 1995.
 
 Before: HALL, WIGGINS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chia's argument on appeal is that the evidence was insufficient, because no rational trier of fact could have believed the INS agent's testimony that she remembered Chia, out of the hundreds of applicants she sees. We disagree. She was asked how she could remember Chia out of all the people she saw. She testified that she especially remembered Chia, because "he was dressed very nicely" compared with most of the people she sees, and "I also thought that he was cute--I thought he was attractive."
 
 
 3
 Q. Do you remember seeing the defendant at the ceremony?
 
 
 4
 A. Yes, I do.
 
 
 5
 Q. Why is it that you can remember the defendant from that ceremony?
 
 
 6
 A. The reason that I remembered seeing him there was, first of all, because he was dressed very nicely. A lot of the people that we deal with normally did not--don't have the type of clothing that this man had at the time. As you can tell now, he's dressed really nice, he has nice clothing. And I also thought that he was cute--I thought he was attractive.
 
 
 7
 A rational trier of fact could conclude that the INS officer did indeed recall asking Chia about his answers on the form, and that he answered her questions falsely, in order to hide his felony charges from her. The INS officer testified that she asked Chia to explain his "Yes--traffic tickets" answer:
 
 
 8
 Q. All right. Do you remember interviewing Mr. Chia?
 
 
 9
 A. Yes, I do.
 
 
 10
 Q. And why is that?
 
 
 11
 A. Because of that fact that he--as I mentioned before, he was kind of smiling when I asked him about if he had any other problems. He had wrote speeding ticket--he answered yes and then speeding ticket. I went back and asked him was speeding ticket the only thing that you had been involved, any other problems with the law, going through the question, and he said no. But he was kind of--you know, he had kind of a smile on his face, like no.
 
 
 12
 "We review the sufficiency of the evidence in the light most favorable to the prosecution to determine whether 'any reasonable trier of fact could have found the essential element of the crime beyond a reasonable doubt.' " United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992). Motions for a judgment of acquittal based on insufficiency of evidence are reviewed for plain error when the defendant fails to renew the motion at the close of his case. Id. On review for the sufficiency of evidence, we "must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989). The jury was entitled to believe Ms. Price and not believe Chia. See United States v. Ramirez-Jiminez, 967 F.2d 1321, 1328 (9th Cir.1992). Since there was no error, we need not address the government's argument that if there was error, it was not plain.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3