70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Angel VILLALBA, Defendant-Appellant.
 No. 94-50565.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Oct. 20, 1995.
Nov. 14, 1995.
 
 1
 Before: HUG, and LEAVY, Circuit Judges, and JONES, District Judge*
 
 
 2
 MEMORANDUM**
 
 This appeal presents two issues:
 
 3
 A. Whether the district court's finding, after considering all the facts and circumstances pertaining to defendant's role in the offense, that defendant was entitled to a two-level adjustment to his offense level as a minor participant rather than a four-level adjustment as a minimal participant, was clearly erroneous.
 
 
 4
 B. Whether the district court erred in concluding that 18 U.S.C. 3553(f) and U.S.S.G. Sec. 5C1.2, which waive the applicability of the statutory minimum sentence in certain circumstances, were inapplicable in that the minimum sentence under the guidelines exceeded the statutory minimum.
 
 
 5
 Defendant appeals his 135-month sentence following his plea of guilty to two counts of possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1).
 
 STANDARD OF REVIEW
 
 6
 The question of whether a defendant is a minor or minimal participant is a factual determination reviewed for clear error. United States v. Madera-Gallegos, 945 F.2d 264, 268-69 (9th Cir.1991). This determination is " 'heavily dependent on the facts of the particular case,' and should be upheld unless clearly erroneous." United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989). "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995).
 
 
 7
 A minor participant in an offense is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. Sec. 3B1.2, comment. n. 3. In contrast, an adjustment as a minimal participant "is to be used infrequently and only in exceptional circumstances." Davis, 36 F.3d at 1436. The Guideline Commentary establishes the limited circumstances under which a minimal role adjustment is appropriate:
 
 
 8
 [i]t is intended that the downward adjustment for a minimal participant will be used infrequently. It would be appropriate, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.
 
 
 9
 U.S.S.G. Sec. 3B1.2, comment. n. 2. The Guideline Commentary also provides that a four-level reduction as a minimal participant is "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group.... The defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."
 
 
 10
 None of the circumstances contemplated by the guidelines as warranting an adjustment as a minimal participant are present in this case. Defendant stipulated in the plea agreement in the accompanying Statement of Facts, that on March 22, 1994, he travelled with Carlos Andres Serrato, co-defendant, to South Pasadena, driving a blue pickup truck which contained approximately 200 kilograms of cocaine, which he unloaded into a garage of the residence where he was staying with Serrato. He further stipulated that on the following day he and Serrato were at a shopping mall, where he met the other defendant, Alejandro Calderon, and that he loaded approximately 100 kilograms of cocaine in a hidden compartment in the ceiling portion of a brown Ford Aerostar.
 
 
 11
 The defendant further stipulated that on March 24, 1994, Calderon drove the brown van onto a freeway while he drove a white van onto the same freeway and that after a short drive, the defendant flashed his lights and Calderon drove in the direction of Sacramento and eventually to the east coast.
 
 
 12
 It was further stipulated that pursuant to a search warrant at the residence in Woodland Hills, approximately 100 kilograms of cocaine was found in the garage, along with a large heat sealer, numerous cardboard boxes and numerous duffel bags.
 
 
 13
 The defendant maintains that he did not know that Serrato was in the drug business until shortly before the arrest; that he was never paid by Serrato, he was only provided room and board, and that there is no evidence that he knew anything about the scope or structure of the enterprise.
 
 
 14
 However, defendant admits that he knew that he was transporting and handling cocaine, and that he knew his criminal partner was driving cocaine to Sacramento and then to the east coast for further distribution.
 
 
 15
 Under these circumstances, it is clear that the defendant was involved in the distribution of this cocaine in a far greater capacity than the involvement the guidelines describe as "minimal." See U.S.S.G. Sec. 3B1.2, comment. n. 2. The district court's finding that defendant was a minor, and not a minimal, participant is fully consistent with the guidelines.
 
 
 16
 Defendant also claims that the district court abused its discretion in failing to grant his request for a downward departure pursuant to 18 U.S.C. Sec. 3553(f) and U.S.S.G. Sec. 5C1.2, the so-called "safety valve" provision that requires a district court in certain cases to impose the applicable guideline sentence without regard to the statutory minimum if the defendant satisfies five criteria. District courts, however, have no power to sentence a defendant below the minimum pursuant to this provision unless the applicable guideline range (together with any applicable downward departure) falls below the statutory minimum sentence.
 
 
 17
 The force of defendant's "safety valve" argument is dependent upon the success of his first argument; without a four-level adjustment as a minimal participant, the applicable guideline range results in a recommended sentence of 135 to 168 months, a sentencing range above the statutory minimum of 10 years.
 
 
 18
 Because it declined to give defendant a four-level minimal role adjustment, the district court did not err in declining to sentence defendant below the statutory minimum pursuant to 18 U.S.C. Sec. 3553(f) and U.S.S.G. Sec. 5C1.2.
 
 
 19
 AFFIRMED.
 
 
 
 *
 Honorable Robert E. Jones, District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3