127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wesley G. INSCORE, Defendant-Appellant.
 No. 97-30011.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1997.**
Decided Oct. 27, 1997.
 
 Appeal from the United States District Court for the District of Montana Paul G. Hatfield, District Judge, Presiding
 Before FERGUSON, BOOCHEVER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the district court's two-point increase of Wesley Gene Inscore's (Inscore) sentencing range for possession of a dangerous weapon during a drug conspiracy. United States Sentencing Guidelines Manual (U.S.S.G.) § 2D1.1(b) (1997). We reject Inscore's argument that the district court's findings regarding weapons possession were unjustified. Inscore maintains that because he contested statements in the presentence report and the government did not call witnesses to counter his statements, the prosecution's burden of proof by a preponderance was never met; therefore, the judge's findings regarding weapons possession were insufficiently supported. See United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 503 U.S. 961 (1992) (government bears the burden of proof by preponderance of the evidence in sentencing phase). There are two problems with his argument.
 
 
 3
 a. The district court had Inscore's testimony as well as the presentence report on which to rely.
 
 
 4
 Inscore's contention that the trial judge "relied solely" on the presentence report is unjustified. The judge also had Inscore's testimony on which to base his finding. The record makes it clear that the judge seriously doubted Inscore's explanation of his transfer of the sawed-off shot gun to Galland as a "gift" for "bird hunting." Observing Inscore's demeanor and hearing his explanations, the trial judge had a proper basis for concluding that the guns Inscore admitted to transferring were drug-related. Given that precedent and the Application Notes accompanying the Sentencing Guidelines instruct that the enhancement be applied "unless it is clearly improbable that the weapon was connected with the offense," the district court's conclusion deserves deference. See U.S.S.G. § 2D1.1, Application Note 3 (1997); United States v. Gillock, 886 F.2d 220, 222-23 (9th Cir.1989).
 
 
 5
 b. The district court could rely on the presentence report.
 
 
 6
 Inscore's due process rights were not violated by the district court's reliance on the presentence report. Trial courts generally may adopt the factual findings of presentence reports. See United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). While there are exceptions to this general rule, this case does not fall within any of them. Allowing out-of-court statements by witnesses not subject to cross-examination during sentencing does not violate the due process clause. See Williams v. New York, 337 U.S. 241, 249-51 (1949).
 
 
 7
 The presentence report and Inscore's own testimony support the two-point enhancement for possession of a dangerous weapon.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3