UNITED STATES of America,
Plaintiff–Appellee,

v.

Louis Jose MARTINEZ, Defendant–
Appellant.

No. 02–10616.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 18, 2004.

Decided July 16, 2004.

Virna L. Santos, Esq., USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Daniel L. Harralson, Esq., Fresno, CA, for Defendant–Appellant.

Before LAY,* HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM **

On February 22, 2001, Louis Jose Martinez was indicted on one count of conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. He was convicted following a five-day trial and sentenced to 210 months' imprisonment. He now appeals. We affirm.

■ First, Martinez argues that the district court[1] erred in refusing to conduct a *Franks* hearing[2] on the validity of the search warrant for his apartment and in failing to suppress evidence from the search. He contends the warrant was based on false statements made intentionally or in reckless disregard for the truth by the investigating officer, Officer Barron. Martinez claims Barron made two false statements in his affidavit: 1) "[t]he suspect Martinez stated over the telephone that he was in the San Jose area and had sold everything;" and 2) "[t]he suspect Martinez talked openly and freely about how much money was owed to the owner of the property and what the owner of the property was to do with the equipment that had been left behind." Regarding the first statement, Martinez points out that a review of the transcripts and tape reveals that he did not make this statement, but that a co-conspirator, Dale Van Tassel, made this statement to Barron about Martinez. As for the second statement, Martinez argues that this statement mischaracterizes the transcripts of the tape-recorded conversations. While Van Tassel and Martinez refer to money being owed to Van Tassel by other persons, they did not discuss how much money Martinez owed Van Tassel. Likewise, Martinez contends that he never brought up the subject of what Van Tassel should do with the equipment, but that Van Tassel first raised the issue.

Under our precedent, the district court must hold a hearing to investigate the veracity of the affiant if the defendant "can make a substantial preliminary showing that the affidavit contained intentionally or recklessly false statements, and ... [that] the affidavit purged of its falsities would not be sufficient to support a finding of probable cause." *United States v. Meling*, 47 F.3d 1546, 1553 (9th Cir.1995) (internal quotations and citation omitted) (applying *Franks*). This court reviews the district court's ruling of whether false statements were made intentionally or recklessly for clear error, *see United States v. Senchenko*, 133 F.3d 1153, 1158 (9th Cir.1998), however, the question of whether probable cause is lacking because of alleged misstatements or omissions in the affidavit is reviewed *de novo*. *See United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir.2000).

We hold that the district court was not required to conduct a *Franks* hearing or to suppress the evidence of the search. The district court did not clearly err in holding that Officer Barron's statements were not "of deliberate falsehood or of reckless disregard for the truth." *Franks*, 438 U.S. at

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Appellant's motions for a *Franks* hearing, to suppress evidence of the search, and to exclude evidence were decided by the Honorable Robert E. Coyle, Senior Judge, United States District Court for the Eastern District of California.

2. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

171, 98 S.Ct. 2674. The record supports only that Officer Barron made a mistake in attributing a statement to Martinez that he had actually heard from Van Tassel; there is nothing to suggest that this misstatement was intentional or reckless.

 Likewise, the district court did not err in finding that the affidavit, even without the contested statements, was sufficient to support a finding of probable cause. While it may have been a slight overstatement for Barron to assert that Martinez spoke "freely and openly" about the money and equipment, it is clear that he did speak with Van Tassel about these things. Therefore, purged of objectionable material, the affidavit nevertheless contained Van Tassel's identification of Martinez as one of the conspirators of the methamphetamine operation and stated that Martinez had talked with Van Tassel about money owing to Van Tassel and the return of Martinez's equipment. We hold that this information provided probable cause to support the search warrant.

As his second basis for appeal, Martinez argues that the district court erroneously admitted evidence of acts that occurred before the conspiracy was formed to prove the existence of the conspiracy. Martinez's argument, however, is based on a fundamental misunderstanding. The district court did not admit the evidence of Martinez's prior acts as evidence of a "continuing conspiracy," as Martinez claims, but as evidence of prior bad acts under Federal Rule of Evidence 404(b) to prove opportunity and absence of mistake. Martinez does not allege that there was any flaw in the district court's analysis or application of Rule 404(b), and after a close examination of the district court's order denying Martinez's motion, we can find none.

Finally, Martinez argues that the evidence was insufficient to support his conviction. Martinez did not move for acquittal, therefore our review is for plain error only. *See, e.g., United States v. Morgan,* 238 F.3d 1180, 1186 (9th Cir. 2001). Here, there was no error. Martinez's main point on appeal is that Van Tassel was not a reliable witness because he was cooperating with the government in return for leniency. Witness credibility, however, is not a suitable matter for appeal. *See United States v. Gillock,* 886 F.2d 220, 222 (9th Cir.1989) (stating that an appellate court "must respect the exclusive province of the jury to determine the credibility of witnesses") (internal quotations and citations omitted). Moreover, we find that despite Martinez's pleas of innocence, the evidence of the recorded telephone conversations and the items found in his apartment corroborated Van Tassel's identification of Martinez as one of the conspirators in the methamphetamine manufacturing operation. Taken together, this evidence was sufficient for a rational trier of fact to find Martinez guilty beyond a reasonable doubt.

Accordingly, the judgment of the district court is AFFIRMED.