NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30112 |
| Plaintiff-Appellee, | D.C. No. 4:19-cr-00014-BMM-1 |
| v. | |
| ALPHONSE BIRD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted May 7, 2021**
Seattle, Washington

Before: BOGGS,*** BERZON, and MURGUIA, Circuit Judges.

A jury convicted Alphonse Bird of one count of sexual abuse and one count

of aggravated sexual abuse on the Blackfeet reservation, in violation of 18 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Danny J. Boggs, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

§§ 2241(a) and 2242(2)(b).  On appeal, Bird argues that there was insufficient evidence for his convictions.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.  Because the parties are familiar with the facts, we do not recount them here.

In our review, we must view the evidence "in the light most favorable to the prosecution" and we affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  We also must assume the jury determined the credibility of witnesses and resolved evidentiary conflicts in a way that supports the verdict. *United States v. Gillock*, 886 F.2d 220, 222 (9th Cir. 1989).

Here, a rational juror could have found Bird guilty beyond a reasonable doubt on each count.  At trial, the prosecution presented DNA evidence and testimony from both victims, an eyewitness to one incident, and the arresting officer, among others. Although Bird—who admitted meeting the victims—testified that the encounters were not sexual, we need not, and indeed cannot, accept his conflicting version of the facts.  *See Gillock*, 886 F.2d at 222.

**AFFIRMED.**